NOT FOR PUBLICATION (Doc. No. 11)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | |
|---|---|
| KAREN TUCKER, | |
| Plaintiff, | Civ. No. 15-733 (RBK) |
| v. | **OPINION** |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Defendant. | |

**KUGLER**, United States District Judge:

This matter comes before the court on Plaintiff Karen Tucker's ("Plaintiff") Motion for Reconsideration of this Court's Order dismissing her Complaint. For the reasons expressed below, Plaintiff's Motion for Reconsideration is denied.

## I. BACKGROUND

On February 2, 2015, Plaintiff filed a Complaint against Defendant Secretary of Health and Human Services ("Defendant"). (Doc. 1.) On February 10, 2015, this Court ordered Plaintiff to show cause as to why the Complaint should not be dismissed for violating Federal Rule of Civil Procedure 8(a) ("Rule 8"). (Doc. 4.) The Court subsequently dismissed Plaintiff's Complaint on March 11, 2015 after Plaintiff failed to satisfy the Court's Order to Show Cause. (Doc. 10.) Specifically, Plaintiff submitted a response that failed to clarify her 205-page Complaint, which lacked short and plain statements of the grounds for the Court's jurisdiction and Plaintiff's entitlement to relief. (Id.) Her Complaint was "overly long, confusing, vague,

1

and otherwise unintelligible," and her response to the show cause order, too, was "generally difficult to understand." (Id.) Plaintiff's Complaint also raised claims identical to those dismissed in Tucker v. Sebelius, No. CIV. 12-5900 RBK/AMD, 2013 WL 6054552 (D.N.J. Nov. 15, 2013), aff'd sub nom., Tucker v. Sec'y of Health & Human Servs., 588 F. App'x 110 (3d Cir. 2014). (Id.)

On March 31, 2015, Plaintiff filed a Motion to Reconsider the dismissal.[1] (Doc. 11.) Plaintiff's motion is similarly confusing, vague, and unintelligible. From what the Court can discern, Plaintiff appears to request that the Court vacate the aforementioned dismissal in Tucker v. Sebelius, 2013 WL 6054552, as well as the "judgment" granted on "March 10, 1999." (Doc. 11 at 14.) The latter presumably concerns her conviction for healthcare fraud, to which she plead guilty on December 18, 1998. Tucker v. United States, No. 3:97-CR-337-R, 2001 WL 1613796, at *3 (N.D. Tex. Dec. 13, 2001).[2]

## II.   DISCUSSION

Local Civil Rule 7.1(i) permits a party to seek reconsideration by the Court of matters "which [it] believes the Court has overlooked" when it ruled on the motion.[3] L. Civ. R. 7.1(i); see NL Indus., Inc. v. Commercial Union Ins., 935 F. Supp. 513, 515 (D.N.J. 1996). "The word 'overlooked' is the dominant term, meaning that except in cases where there is a need to correct a clear error or manifest injustice, '[o]nly dispositive factual matters and controlling decisions of law which were presented to the court but not considered on the original motion may be the

---

[1] Although Plaintiff's motion was filed past the fourteen-day deadline, the Court will nonetheless consider her motion. See Damiano v. Sony Music Entm't, Inc., No. 95-4795, 2000 WL 1689081, at *5 (D.N.J. Nov. 13, 2000) (relaxing the strict timetable for a reconsideration motion filed by a pro se plaintiff).
[2] Plaintiff was actually sentenced on March 5, 1999. See Tucker v. Sebelius, 2013 WL 6054552, at *2.
[3] Motions for reconsideration are considered motions to amend or alter a judgment under Fed. R. Civ. P. 59(e) or a motion for relief from judgment under Fed. R. Civ. P. 60(b). Wisowaty v. Port Auth. Trans–Hudson Corp., No. 11-2722 (JLL), 2013 WL 103385, at *1 (D.N.J. Jan. 8, 2013). For the purposes of this analysis, Rule 7.1(i) is essentially the same as Fed. R. Civ. P. 59(e).

subject of a motion for reconsideration.'" Leja v. Schmidt Mfg., Inc., 743 F. Supp. 2d 444, 456 (D.N.J. 2010) (citation omitted); see also Bowers v. Nat'l Collegiate Athletic Ass'n, 130 F. Supp. 2d 610, 612-13 (D.N.J. 2001) (citation omitted).

It is well settled that a motion for reconsideration is an extraordinary remedy that will be granted "very sparingly." Fellenz v. Lombard Inv. Corp., 400 F. Supp. 2d 681, 683 (D.N.J. 2005); Tehan v. Disab. Mgmt. Servs., Inc., 111 F. Supp. 2d 542, 549 (D.N.J. 2000). The scope of a motion for reconsideration is "extremely limited" and may not "be used as an opportunity to relitigate the case." Blystone v. Horn, 664 F.3d 397, 415 (3d Cir. 2011). A movant seeking reconsideration must show (1) an intervening change in controlling law, (2) the availability of new evidence that was previously unavailable, or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Id. Consequently, a difference of opinion with the court's decision should be dealt with through the normal appellate process. Bowers, 130 F. Supp. 2d at 612. In other words, "[a] motion for reconsideration should not provide the parties with an opportunity for a second bite at the apple." Clark v. Prudential Ins. Co. of Am., 940 F. Supp. 2d 186, 189 (D.N.J. 2013) (quoting Tishcio v. Bontex, Inc., 16 F. Supp. 2d 511, 533 (D.N.J. 1998)).

Having reviewed Plaintiff's Motion for Reconsideration, the Court first notes that Plaintiff's Motion is largely unintelligible despite a section titled "short plain statement," included in response to the Court's Order noting its absence in her Complaint. Even when taking into account Plaintiff's pro se status and reading the motion broadly, the Court finds that Plaintiff has not demonstrated that this Court overlooked a factual or legal issue that may alter the disposition of the matter. Rather, Plaintiff again appears to be attempting to relitigate both her 1998 conviction in the Northern District of Texas, which this Court has no authority to alter, as well as the Court's 2013 judgment of dismissal, which the Third Circuit has affirmed, see Tucker

v. Sebelius, 2013 WL 6054552.  As noted in the Court's March 11, 2015 Order, both of these claims have already been addressed.  As far as the Court can discern from the face of her motion, Plaintiff has not demonstrated any basis for this Court to reconsider the dismissal of her Complaint.

### III.     CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Reconsideration is denied.  An appropriate order will issue today.

Dated: 10/06/2015                                                            s/Robert B. Kugler
                                                                                        ROBERT B. KUGLER
                                                                                        United States District Judge